**THE HONORABLE JOHN H. CHUN**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTERPORT, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>APPLIANCE COMPUTING III, INC. D/B/A SUREFIELD, a Delaware corporation,<br><br>Defendant. | CASE NO. 2:22-cv-00669-JHC<br><br>**FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT INVALIDITY AND NONINFRINGEMENT**<br><br>**<u>JURY DEMAND</u>** |

Plaintiff Matterport, Inc. ("Matterport") files this First Amended Complaint for causes of actions against defendant Appliance Computing III, Inc. d/b/a Surefield ("Surefield"), as follows:

## I. NATURE OF THE ACTION

1. This is an action for declaratory judgment of invalidity and noninfringement of U.S. Patent Nos. 11,449,926 ("the '926 patent"); 11,062,384 ("the '384 patent"); 10,592,973 (the "'973 patent"); 10,510,111 (the "'111 patent"); 10,102,673 (the "'673 patent"); 9,836,885 (the "'885 patent") (collectively, the "patents-in-suit") arising under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, 35 U.S.C. §§ 1 et seq. The patents-in-suit claim priority to the same provisional patent application and, thus, are all related.

## II. PARTIES

2. Plaintiff Matterport, Inc. is a corporation organized and existing under the laws of Delaware with its principal place of business at 352 East Java Drive, Sunnyvale, CA 94089.



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

3. On information and belief, Defendant Appliance Computing III, Inc. d/b/a Surefield is a corporation organized and existing under the laws of Delaware with its principal place of business at 3100 Airport Way, South #21, Seattle, WA 98134.

## III. JURISDICTION AND VENUE

4. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the patent laws of the United States, 35 U.S.C. §§ 1, et seq.

5. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331, 1338(a), and 2201(a).

6. There is an actual controversy within the jurisdiction of this Court under 28 U.S.C.§§ 2201 and 2202. On May 11, 2020, Surefield filed a complaint in the United States District Court for the Western District of Texas, Waco Division, alleging that a Matterport customer, Redfin Corporation ("Redfin"), infringed four of the patents-in-suit based on Redfin's "3D Walkthrough" virtual tours provided by Matterport.

7. Surefield alleges that the Matterport 3D modeling technology used to provide virtual tours of real estate properties offered for sale through the Redfin website infringes the '973 patent, the '111 patent, the '673 patent, and the '885 patent.

8. Further, on information and belief, Surefield has also alleged infringement of the '926 patent and '384 patent by asserting that Matterport directly infringes claims in the related patents including the '973 patent, the '111 patent, the '673 patent, and the '885 patent.

9. On information and belief, in addition to Matterport's customer Redfin, Surefield has also alleged infringement of the '973 patent, the '111 patent, the '673 patent, and the '885 patent by other third-parties through their use of Matterport's 3D modeling technology.

10. Matterport alleges that the claims of the patents-in-suit are invalid and/or not infringed.

11. Based on the foregoing, a justiciable controversy exists between Matterport and Surefield as to whether Surefield's patents-in-suit are valid and whether Matterport's technology



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

infringes the patents-in-suit. Absent a declaration of invalidity and noninfringement, Surefield will continue to wrongfully allege that Matterport's technology infringes the patents-in-suit and will seek to enforce remedies against Matterport and/or its customers, and thereby cause Matterport injury and damage.

12. This Court has personal jurisdiction over Surefield because Surefield has availed itself of the rights and benefits of the laws of Washington State. Surefield conducts business relating to the patents-in-suit, in this State and this District, and has purposefully directed actions to enforce its patents against Matterport's customers in this District, which gives rise to this action. Surefield has maintained systematic and continuous business contacts with Washington State and this District, including deriving revenue in this State and this District.

13. Venue in this District is proper under 28 U.S.C. §§ 1391(b). Surefield is subject to personal jurisdiction in this judicial district, has directed its enforcement activities against business conducted in this judicial district, and a substantial part of the events giving rise to the claims occurred in this judicial district.

## IV. PATENTS-IN-SUIT

14. The '926 patent, entitled IMAGE-BASED RENDERING OF REAL SPACES, states on its face that it issued on September 20, 2022. A true and correct copy of the '926 patent is attached as Exhibit 1.

15. The '384 patent, entitled IMAGE-BASED RENDERING OF REAL SPACES, states on its face that it issued on July 13, 2021. A true and correct copy of the '384 patent is attached as Exhibit 2.

16. The '973 patent, entitled IMAGE-BASED RENDERING OF REAL SPACES, states on its face that it issued on March 17, 2020. A true and correct copy of the '973 patent is attached as Exhibit 3.

17. The '111 patent, entitled IMAGE-BASED RENDERING OF REAL SPACES, states on its face that it issued on December 17, 2019. A true and correct copy of the '111 patent is attached as Exhibit 4.



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

18. The ’673 patent, entitled IMAGE-BASED RENDERING OF REAL SPACES, states on its face that it issued on October 16, 2018. A true and correct copy of the ’673 patent is attached as Exhibit 5.

19. The ’885 patent, entitled IMAGE-BASED RENDERING OF REAL SPACES, states on its face that it issued on December 5, 2017. A true and correct copy of the ’885 patent is attached as Exhibit 6.

## V. FACTUAL BACKGROUND

20. Matterport was founded in 2011 with the express goal of establishing 3D and virtual reality models as a primary medium for experiencing, sharing, and reimaging the world. In 2014, Matterport released the first commercially available comprehensive product platform for capturing, creating and experiencing 3D photographic models. Since its inception, Matterport has invested tens of millions of dollars developing innovative technology to power its end-to-end system for creating, modifying, distributing, and navigating immersive 3D and virtual reality (VR) versions of real-world spaces. During this time, Matterport has become to be recognized as the leading spatial data company focused on digitizing and indexing the built world.

21. Matterport continues to contend that the patents-in-suit are invalid and/or not infringed by Matterport or its customers.

22. For example, the claims of the ’973 patent, the ’111 patent, the ’673 patent, and the ’885 patent are invalid on the ground that they fail to satisfy the conditions and requirements for patentability as set forth, inter alia, in Sections 101, 102, 103, and/or 112 of Title 35 of the United States Code. The real estate industry has been developing and designing 3D photographic modeling technology for over a decade. Matterport has been one of the innovators in this industry. Particularly, Matterport has been designing, developing, and selling a variety of 3D virtual modeling products with features versatile enough to meet specific consumer demands and any type of 3D virtual modeling application. These include products and patents that anticipate and/or render obvious the claims of the ’973 patent, the ’111 patent, the ’673 patent, and the ’885 patent,



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

including the Bell et al. patents issued to Matterport. Other innovators in the industry have also developed invalidating prior art, including Microsoft Corporation and Google, Inc.

23. The claims of the patents-in-suit are also not infringed by the Matterport 3D modeling technology. For example, Matterport's 3D modeling technology does not include the "spatial boundaries" and "parcel outline" limitations required by all claims of the '885, '111, and '973 patents or the rendering/generating of "a virtual model" or "3D model" limitations of the '926, '885, '384, '873, '111 and '673 patents. In several other material and substantial ways, Matterport's 3D modeling technology does not infringe the claims of the patents-in-suit. Matterport does not directly or indirectly infringe any valid claim of the patents-in-suit.

24. An actual and justiciable controversy exists between Matterport and Surefield regarding whether the patents-in-suit are valid, and whether Matterport directly or indirectly infringes any valid claim of the patents-in-suit, either literally or under the doctrine of equivalents.

25. A judicial declaration is necessary to determine the respective rights of the parties regarding the patents-in-suit. Matterport, therefore, seeks a judicial declaration that it did not directly or indirectly infringe any claim of the patents-in-suit, literally or under the doctrine of equivalents and that the claims of the '973, the '111, the '673, and the '885 patents are invalid.

**FIRST CAUSE OF ACTION:**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 11,449,926**

26. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 25 above as if fully set forth herein.

27. Matterport does not infringe any claim of the '926 patent by its manufacture, use, distribution, or sale of its 3D modeling technology, whether directly or indirectly, literally or under the doctrine of equivalents. For example, among other limitations, the Matterport 3D modeling technology does not render "a virtual model of a determined space" required by all claims of the '926 patent.

28. Accordingly, an actual and justiciable controversy has arisen and exists between Matterport and Surefield as to alleged infringement of the '926 patent. A judicial determination



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

and declaration that Matterport has not infringed, and does not infringe, any claim of the ’926 patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’926 patent.

**SECOND CAUSE OF ACTION:**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 11,062,384**

29. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 28 above as if fully set forth herein.

30. Matterport does not infringe any claim of the ’384 patent by its manufacture, use, distribution, or sale of its 3D modeling technology, whether directly or indirectly, literally or under the doctrine of equivalents. For example, among other limitations, the Matterport 3D modeling technology does not render “a virtual model of a determined space” required by all claims of the ’384 patent.

31. Accordingly, an actual and justiciable controversy has arisen and exists between Matterport and Surefield as to alleged infringement of the ’384 patent. A judicial determination and declaration that Matterport has not infringed, and does not infringe, any claim of the ’384 patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’384 patent.

**THIRD CAUSE OF ACTION:**
**Declaratory Judgment of Invalidity of U.S. Patent No. 10,592,973**

32. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 31 above as if fully set forth herein.

33. The claims of the ’973 patent are invalid because they fail to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

34. For example, the claims of the ’973 patent are invalid because none of the named inventors conceived of the claimed invention. Accordingly, the claims of the ’973 patent are invalid under 35 U.S.C. § 101.



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

35. For example, the claims of the ’973 patent are anticipated by and/or rendered obvious by the “Street View” 3D modeling technology of Google, Inc. that was patented, described in printed publications, or in public use, on sale, or otherwise available to the public before the effective filing date of the patents-in-suit. Accordingly, the claims of the ’973 patent are invalid under 35 U.S.C. §§ 102 and 103.

36. An actual and justiciable controversy has arisen and exists between Matterport and Surefield as to the alleged validity of the claims of the ’973 patent. A judicial determination and declaration that the claims of the ’973 patent are invalid is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’973 patent.

## **FOURTH CAUSE OF ACTION:**
## **Declaratory Judgment of Noninfringement of U.S. Patent No. 10,592,973**

37. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 36 above as if fully set forth herein.

38. Matterport does not infringe any claim of the ’973 patent by its manufacture, use, distribution, or sale of its 3D modeling technology, whether directly or indirectly, literally or under the doctrine of equivalents. For example, among other limitations, Matterport’s 3D modeling technology does not have any “parcel outline” as required by all claims of the ’973 patent.

39. Accordingly, an actual and justiciable controversy has arisen and exists between Matterport and Surefield as to alleged infringement of the ’973 patent. A judicial determination and declaration that Matterport has not infringed, and does not infringe, any claim of the ’973 patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’973 patent.

## **FIFTH CAUSE OF ACTION:**
## **Declaratory Judgment of Invalidity of U.S. Patent No. 10,510,111**

40. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 39 above as if fully set forth herein.



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

41. The claims of the ’111 patent are invalid because they fail to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

42. For example, the claims of the ’111 patent are invalid because none of the named inventors conceived of the claimed invention. Accordingly, the claims of the ’111 patent are invalid under 35 U.S.C. § 101.

43. For example, the claims of the ’111 patent are anticipated by and/or rendered obvious by the “Street View” 3D modeling technology of Google, Inc. that was patented, described in printed publications, or in public use, on sale, or otherwise available to the public before the effective filing date of the patents-in-suit. Accordingly, the claims of the ’111 patent are invalid under 35 U.S.C. §§ 102 and 103.

44. An actual and justiciable controversy has arisen and exists between Matterport and Surefield as to the alleged validity of the claims of the ’111 patent. A judicial determination and declaration that the claims of the ’111 patent are invalid is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’111 patent.

## SIXTH CAUSE OF ACTION:
## Declaratory Judgment of Noninfringement of U.S. Patent No. 10,510,111

45. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 44 above as if fully set forth herein.

46. Matterport does not infringe any claim of the ’111 patent by its manufacture, use, distribution, or sale of its 3D modeling technology, whether directly or indirectly, literally or under the doctrine of equivalents. For example, among other limitations, Matterport’s 3D modeling technology does not have any “parcel outline” as required by all claims of the ’111 patent.

47. Accordingly, an actual and justiciable controversy has arisen and exists between Matterport and Surefield as to alleged infringement of the ’111 patent. A judicial determination and declaration that Matterport has not infringed, and does not infringe, any claim of the ’111



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’111 patent.

**SEVENTH CAUSE OF ACTION:**
**Declaratory Judgment of Invalidity of U.S. Patent No. 10,102,673**

48. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 47 above as if fully set forth herein.

49. The claims of the ’673 patent are invalid because they fail to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

50. For example, the claims of the ’673 patent are invalid because none of the named inventors conceived of the claimed invention. Accordingly, the claims of the ’673 patent are invalid under 35 U.S.C. § 101.

51. For example, the claims of the ’673 patent are anticipated by and/or rendered obvious by the “Street View” 3D modeling technology of Google, Inc. that was patented, described in printed publications, or in public use, on sale, or otherwise available to the public before the effective filing date of the patents-in-suit. Accordingly, the claims of the ’673 patent are invalid under 35 U.S.C. §§ 102 and 103.

52. An actual and justiciable controversy has arisen and exists between Matterport and Surefield as to the alleged validity of the claims of the ’673 patent. A judicial determination and declaration that the claims of the ’673 patent are invalid is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’673 patent.

**EIGHTH CAUSE OF ACTION:**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 10,102,673**

53. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 52 above as if fully set forth herein.

54. Matterport does not infringe any claim of the ’673 patent by its manufacture, use, distribution, or sale of its 3D modeling technology, whether directly or indirectly, literally or under



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

the doctrine of equivalents. For example, among other limitations, Matterport's 3D modeling technology does not render "a virtual model of a selected space" required by all claims of the '673 patent.

55. Accordingly, an actual and justiciable controversy has arisen and exists between Matterport and Surefield as to alleged infringement of the '673 patent. A judicial determination and declaration that Matterport has not infringed, and does not infringe, any claim of the '673 patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the '673 patent.

## NINTH CAUSE OF ACTION: Declaratory Judgment of Invalidity of U.S. Patent No. 9,836,885

56. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 55 above as if fully set forth herein.

57. The claims of the '885 patent are invalid because they fail to satisfy the conditions and requirements for patentability as set forth in Title 35 of the United States Code, including at least 35 U.S.C. §§ 101, 102, 103, and 112.

58. For example, the claims of the '885 patent are invalid because none of the named inventors conceived of the claimed invention. Accordingly, the claims of the '885 patent are invalid under 35 U.S.C. § 101.

59. For example, the claims of the '885 patent are anticipated by and/or rendered obvious by the "Street View" 3D modeling technology of Google, Inc. that was patented, described in printed publications, or in public use, on sale, or otherwise available to the public before the effective filing date of the patents-in-suit. Accordingly, the claims of the '885 patent are invalid under 35 U.S.C. §§ 102 and 103.

60. An actual and justiciable controversy has arisen and exists between Matterport and Surefield as to the alleged validity of the claims of the '885 patent. A judicial determination and declaration that the claims of the '885 patent are invalid is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the '885 patent.



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

**TENTH CAUSE OF ACTION:**
**Declaratory Judgment of Noninfringement of U.S. Patent No. 9,836,885**

61. Matterport repeats and realleges each allegation set forth in paragraphs 1 through 60 above as if fully set forth herein.

62. Matterport does not infringe any claim of the ’885 patent by its manufacture, use, distribution, or sale of the products-at-issue, whether directly or indirectly, literally or under the doctrine of equivalents. For example, among other limitations, Matterport’s 3D modeling technology does not have any “parcel outline” as required by all claims of the ’885 patent.

63. Accordingly, an actual and justiciable controversy has arisen and exists between Matterport and Surefield as to alleged infringement of the ’885 patent. A judicial determination and declaration that Matterport has not infringed, and does not infringe, any claim of the ’885 patent is necessary and appropriate at this time in order for the parties to ascertain their respective rights and duties regarding the ’885 patent.

## VI. DEMAND FOR JURY TRIAL

64. Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 38, Matterport hereby demands a trial of jury of all issues so triable that are raised herein or which hereinafter may be raised in this action.

## VII. PRAYER FOR RELIEF

Wherefore, Matterport requests that the Court enter judgment in its favor and against Surefield as follows:

A. Declaring that Matterport has not infringed, directly or indirectly, literally or by equivalents, any claim of the patents-in-suit;

B. Declaring that the claims of the ’111 patent, ’673 patent, ’973 patent, and ’885 patent are invalid;

C. Declaring that judgment be entered in favor of Matterport and against Surefield;



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260

D. Enjoining Surefield, its agents, and all persons acting in concert or participation with it, from alleging, representing, claiming, or otherwise stating that Matterport infringes the patents-in-suit;

E. Awarding Matterport its costs and attorneys' fees in connection with this action;

F. For leave to amend this First Amended Complaint as necessary; and

G. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED this 11th day of October, 2022.

**GOLDFARB & HUCK ROTH RIOJAS, PLLC**

*/s/ Kit W. Roth*
Kit W Roth, WSBA No. 33059
(roth@goldfarb-huck.com)
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
Phone: (206) 452-0260

**MARTON RIBERA SCHUMANN & CHANG LLP**

*/s/ Ryan J. Marton*
Ryan J. Marton, admitted *pro hac vice*
(ryan@martonribera.com)
548 Market St. Suite 36117
San Francisco, CA 94104
Phone: (415) 360-2511

**Attorneys for Plaintiff Matterport, Inc.**

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system on October 11, 2022 and was served via the Court's CM/ECF system on all counsel of record.

Additionally, the undersigned certifies that the foregoing document was served upon Nicole E. Glauser, counsel for Defendant via electronic mail at the following address: nglauser@dinovoprice.com.

DATED this October 11, 2022.

*/s/ Kit W. Roth*
Kit W. Roth, WSBA No. 33059



GOLDFARB & HUCK
ROTH RIOJAS, PLLC
925 Fourth Avenue, Suite 3950
Seattle, Washington 98104
(206) 452-0260