UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MATTERPORT, INC., a Delaware corporation,<br><br>                Plaintiff,<br><br>   v.<br><br>APPLIANCE COMPUTING III, INC. d/b/a SUREFIELD, a Delaware corporation,<br><br>                Defendant. | CASE NO. 2:22-cv-00669-JHC<br><br>ORDER |

     This matter comes before the Court on Defendant Appliance Computing III, Inc.'s ("Defendant" or "Surefield") Motion to Dismiss or Stay. Dkt. # 19. The Court has considered the submissions in support of and in opposition to the motion, the rest of the case file, and the applicable law. Being fully advised, the Court declines to dismiss the action but enters a stay.

     "When two actions that sufficiently overlap are filed in different federal district courts, one for infringement and the other for declaratory relief, the declaratory judgment action, if filed later, generally is to be stayed, dismissed, or transferred to the forum of the infringement action." *Futurewei Techs., Inc. v. Acacia Rsch. Corp.,* 737 F.3d 704, 708 (Fed. Cir. 2013) (*citing Merial*

ORDER - 1

*Ltd. v. Cipla Ltd.,* 681 F.3d 1283, 1299 (Fed.Cir.2012)).[1]  *Cf. Kohn L. Grp., Inc., v. Auto Parts Mfg. Mississippi, Inc.,* 787 F.3d 1237, 1239 (9th Cir. 2015) ("The first-to-file rule allows a district court to stay proceedings if a similar case with substantially similar issues and parties was previously filed in another district court.").  Application of the rule is ultimately committed to the district court's discretion.  *See Futurewei Techs.,* 737 F.3d at 708.

On May 11, 2020, Surefield filed a Complaint for Patent Infringement against Redfin Corporation ("Redfin") in Case No. 6:20-cv-00376 in the Western District of Texas, Waco Division ("Texas Case").  Dkt. # 19 at 15.  The action challenges Redfin's "image-based, 3D rendering service" that it developed "in coordination and cooperation" with Matterport, as well as a 3D modeling product subsequently developed by Matterport for use by Redfin.  Dkt. # 19 at 30.  Surefield alleges that the Redfin-Matterport system is "highly similar in visual presentation or appearance to Surefield's" and that "Redfin directed Matterport to implement features patented by Surefield which Matterport then incorporated into its primary product."  *Id.* at 30–31.  Trial has concluded in the Texas Case and pending are two post-trial motions: Surefield's Motion for Judgment as a Matter of Law and Surefield's Motion for New Trial.  *Id.* at 145–203.  Following those rulings and depending on their outcomes, both parties will have the right to appeal.  On May 17, 2022, around two years after the filing of the Texas Case, Matterport filed this action for declaratory judgment.  Dkt. # 1.

The Court concludes that the first-to-file rule applies here.  Although the parties and issues in the two cases are not identical, sufficient overlap exists such that the interests of federal comity and judicial efficiency would be served by a stay.  *See Kohn,* 787 F.3d at 1240 ("courts

---

[1] The Federal Circuit has held that "[r]esolution of whether the second-filed action should proceed presents a question sufficiently tied to patent law that the question is governed by [Federal Circuit] law."  *Futurewei Techs.,* 737 F.3d at 708 (citing *Elecs. for Imaging, Inc. v. Coyle,* 394 F.3d 1341, 1345 (Fed. Cir. 2005)).

ORDER - 2

have held that the first-to-file rule does not require exact identity of the parties . . . [t]he issues in both cases also need not be identical, only substantially similar"); *see also Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 951 (5th Cir. 1997); *Herer v. Ah Ha Publ'g, LLC,* 927 F.Supp. 2d 1080, 1089 (D. Or. 2013); *Intersearch Worldwide, Ltd. v. Intersearch Grp., Inc.,* 544 F.Supp. 2d 949, 959 n. 6 (N.D. Cal. 2008).[2]  The fundamental question in both cases is whether Redfin's use of Matterport's 3D modeling technology infringes on Surefield's patents.  Resolution of both cases will thus turn on substantially similar legal issues and depend on substantially similar evidence.  It would be an inefficient use of the parties' and both courts' resources to concurrently litigate these issues.

For these reasons, the Court hereby GRANTS Defendant's motion in part and STAYS this action pending the resolution of the Texas Case.  The parties are DIRECTED to provide the Court with status reports about the Texas Case every three months.

Dated this 18th day of August, 2023.

John H. Chun
United States District Judge

---

[2] The Federal Circuit has not expressly stated a view on whether, in patent cases, the first-to-file rule applies only where the concurrent actions at issue involve identical parties.  When deciding patent matters based on particular aspects of the first-to-file rule on which the Federal Circuit has been silent, district courts look to understandings of the doctrine as developed generally in the federal courts.  *See, e.g.*, *Schering Corp. v. Amgen, Inc.,* 969 F. Supp. 258, 267 (D.Del.1997) (citing decisions from the Second Circuit and Third Circuit as guiding authority on questions about the first-to-file doctrine's application to a patent matter); *Vanguard Prods. Group, Inc. v. Protex Int'l Corp.,* No. 05–6310, 2006 WL 695700, at *3–*5 (N.D.Ill. Mar. 14, 2006) (citing to district court decisions from the Third, Fourth and Seventh Circuits as guiding authority on the application of the first-to-file rule in a patent matter).